IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **SPENCER JORDAN,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| **COBB COUNTY SCHOOL DISTRICT,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Spencer Jordan, by and through his undersigned counsel, and hereby files this his Complaint for Damages, showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages caused by Defendant's unlawful employment practices committed against Plaintiff. Defendant acted in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff seeks back pay and benefits, compensatory damages, punitive damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

3.

This action is brought within the Northern District of Georgia, where venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.

Plaintiff Spencer Jordan is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

5.

Plaintiff was employed by Defendant at all times material to the claims asserted herein and was an "employee" of Defendant as defined by Title VII.

6.

Plaintiff is a gay male.

7.

Defendant operates public schools in Cobb County, Georgia. Defendant is located and conducts business within this judicial district and division.

8.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its Superintendent, Chris Ragsdale, at 514 Glover Street, Marietta, GA 30060.

**ADMINISTRATIVE PROCEDURES**

9.

Plaintiff timely filed a charge for sex and sexual orientation discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2021-01387.

10.

The EEOC issued a "Notice of Right to Sue" on May 11, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11.

Plaintiff timely files this lawsuit within 90 days of the receipt of his Notice of Right to Sue.

**STATEMENT OF FACTS**

12.

Since the year 2000, and at all times relevant to this Complaint, Plaintiff was employed by Defendant as a theater teacher at Campbell High School.

13.

During the 21 years of Plaintiff's employment as a teacher for Defendant, he has received exemplary performance evaluations, glowing reviews, and awards. Plaintiff has no disciplinary history with Defendant.

14.

Defendant and its employees know that Plaintiff is gay and is married to a man.

15.

On or about September 10, 2019, Defendant placed Plaintiff on administrative leave but did not give Plaintiff any reason or explanation for this action.

16.

On or about September 10, 2019, Defendant's employee and principal of Campbell High School, Jeanne Walker ("Principal Walker" or "Walker"), transmitted an email to Campbell High School teachers and parents stating two staff members behaved inappropriately with a male student. Walker further stated that one teacher had been arrested and the other had been placed on administrative leave.

17.

Walker's email was referring to Plaintiff and another teacher in his department. The other teacher was suspected of engaging in inappropriate sexual

conduct with the student in question. Both Plaintiff and the other teacher are gay males.

18.

Plaintiff did not engage in any inappropriate sexual behavior towards the student and there is no suggestion or allegation to the contrary.

19.

Defendant accused Plaintiff of inappropriate behavior with a student merely because he has the same sexual orientation as the other teacher in his department who was accused of engaging in sexual misconduct towards the student, even though there was no indication that Plaintiff had engaged in the same alleged misconduct.

20.

Throughout the 2019-2020 school year, Walker continued to make false and disparaging statements about Plaintiff, harassing him because she made assumptions about his conduct based solely on his sexual orientation.

21.

Because of Walker's communication to the school and parents, it was impossible for Plaintiff to return as a teacher to Campbell High School.

22.

Defendant knew about and approved Walker's behavior.

23.

On or about February 12 and March 6, 2020, Defendant sent Plaintiff nearly identical Notices of Recommendation for Termination, in which Defendant charged Plaintiff with immorality, willful neglect of duties, or any other good and sufficient cause. Defendant sent Plaintiff notice of its intent not to renew Plaintiff's contract on June 8, 2020.

24.

The charges against Plaintiff arose out of behavior engaged in by other, heterosexual teachers, such as providing food for a student, transporting a student to the student's home, and taking the student to the teacher's home because the student could not go to his own home.

25.

Plaintiff requested a hearing on these charges pursuant to the Fair Dismissal Act ("FDA"). A non-renewal hearing on the matter took place on October 6, 2020 before a local tribunal convened by Defendant.

26.

At the conclusion of the hearing, the tribunal found that Defendant did not prove charges of immorality, willful neglect of duties, or any other good and sufficient cause. The tribunal therefore declined to affirm the Cobb County School

District Superintendent's recommendation to non-renew Plaintiff's teaching contract.

27.

Nevertheless, the tribunal panel recommended that Plaintiff be suspended for five (5) days due to an alleged violation by Plaintiff of Rule IFCB, a rule which he had not been charged with or provided notice of. During Plaintiff's hearing, Rule IFCB was only mentioned once, and Defendant did not even allege that Plaintiff violated this policy.

28.

Despite their knowledge that the tribunal applied the incorrect Rule, Cobb County Board of Education voted to affirm the tribunal's recommendation on October 15, 2020, suspending Plaintiff.

29.

On or about November 13, 2020, Plaintiff appealed the Cobb County Board of Education's decision affirming the tribunal's recommendation.

30.

On or about May 13, 2021, the State Board of Education reversed the decision of the Cobb County Board of Education.

31.

Even though Plaintiff is currently employed by Defendant, he was removed from his position as a drama teacher, is now forced to teach other subjects, and is no longer at Campbell High School, where he taught for more than two decades.

32.

Not only did Defendant attempt to terminate Plaintiff's employment, it also engaged in a targeted campaign to end Plaintiff's career solely because he is gay. Specifically, Defendant knowingly filed a report containing false statements with the Professional Standards Commission ("PSC") which resulted in an effort to revoke Plaintiff's certification as a teacher. Defendant refused to correct or rescind the statement it submitted to the PSC.

33.

As a result of its unlawful actions, Defendant exposed Plaintiff to public ridicule and cost Plaintiff enormous expense in attorney's fees in having to defend himself before the local tribunal, the state Board of Education, and the PSC.

34.

Other teachers who are not gay have engaged in the same conduct as Plaintiff. Defendant has not attempted to suspend or terminate those teachers, nor has Defendant reported those teachers to the PSC.

## COUNT I:
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

35.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36.

Plaintiff has satisfied all administrative prerequisites to bringing this claim.

37.

Plaintiff is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

38.

Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

39.

Plaintiff is a gay male.

40.

Plaintiff was qualified for the position he held.

41.

The adverse employment actions taken by Defendant against Plaintiff were the product of unlawful sex and sexual orientation discrimination on the part of Defendant in violation of Title VII. Defendant discriminated against Plaintiff

because of his sex and his sexual orientation and had no legitimate, non-discriminatory purpose, motive, or intent to justify its actions against Plaintiff.

42.

Plaintiff was subject to sex and gender discrimination based on his sexual orientation.

43.

Plaintiff was subject to discriminatory comments and disparate treatment by his employer in the terms and conditions of his employment as described above.

44.

The disparate treatment was because of Plaintiff's sex and gender, and more specifically, his sexual orientation.

45.

The unwelcome disparate treatment and harassment was sufficiently severe and/or pervasive so as to alter the terms and conditions of Plaintiff's employment and/or to create a hostile working environment.

46.

The discriminatory work environment Plaintiff was subjected to was open and obvious.

47.

Defendant knew of the hostile work environment that existed and failed to take prompt and appropriate remedial measures to stop the discrimination.

48.

Plaintiff suffered damages as a result of this discrimination.

49.

As a direct and proximate result of Defendant's intentional and unlawful conduct and discriminatory actions, which were intended to cause Plaintiff harm, and/or were committed with reckless disregard of the harm caused to Plaintiff, and in derogation of his federally protected rights, Plaintiff has suffered and continues to suffer damages including emotional distress, pain and suffering, damage to his reputation, professional retribution, mental anguish, loss of enjoyment of life, loss of income and benefits, humiliation, inconvenience, other personal and professional indignities, and other past and future pecuniary losses, including but not limited to payment of attorney's fees.

50.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other

relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT II
## ATTORNEY'S FEES

51.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52.

Defendant committed the foregoing torts and acted in bad faith with respect to the underlying transactions giving rise to this Complaint, campaigning against Plaintiff even though they knew he did not act inappropriately and that they applied the wrong Rule in trying to punish him. Further, Defendant has been stubbornly litigious, committing conduct that has caused Plaintiff unnecessary trouble and expense.

53.

Accordingly, Plaintiff is entitled to recover from Defendant his expenses of litigation, including a reasonable sum as attorney's fees for having to prosecute this claim.

## COUNT III
## PUNITIVE DAMAGES

54.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 53 as if fully set forth herein.

55.

The foregoing acts of Defendant were spiteful, willful, deliberate, callously indifferent to Plaintiff's rights, and demonstrated a specific intent to cause Plaintiff harm.

56.

Defendant intentionally, willfully, and wantonly disregarded Plaintiff's rights as an employee and Defendant's discriminatory actions were taken in bad faith. Plaintiff is entitled to recover punitive damages against Defendant.

57.

Additionally, or in the alternative, Defendant undertook its unlawful conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendant.

58.

Accordingly, punitive damages should be awarded to punish Defendant and deter Defendant from repeating such wrongful acts.

**WHEREFORE**, Plaintiff requests the following relief:

a) General Damages for mental and emotional suffering caused by the misconduct of Defendant;

b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

c) Special damages and/or liquidated damages for medical care, lost wages, and benefits and prejudgment interest thereon;

d) Reasonable attorney's fees and expenses of litigation;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h) Injunctive relief of prohibiting Defendant from further unlawful conduct of the type described herein; and,

i) All other relief to which he may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff herewith demands trial by jury as to all issues to which a right to trial by jury is afforded.

Respectfully submitted this 9th day of August, 2021.

                                            **HOFFER & WEBB, LLC**

*/s/ Robyn Oliver Webb*
**ROBYN OLIVER WEBB**
Georgia Bar No. 552505
*Counsel for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 (Telephone)
rwebb@hofferwebb.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

Pursuant to the Local Rules of this Court, the above-signed counsel certify that this pleading complies with all formatting requirements of the Local Rules and further certifies that this pleading is printed in Times New Roman, 14-point type.